UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **AMGUARD INSURANCE COMPANY** | **CIVIL ACTION NO.:** |
| **VERSUS** | **DISTRICT JUDGE** |
| **NATCHITOCHES PARISH SHERIFF'S OFFICE D/B/A NATCHITOCHES PARISH SHERIFF'S OFFICE & NATCHITOCHES DETENTION CENTER, SHERIFF STUART WRIGHT, OTIS BARNUM, KATHY M. CHILDRESS, LISA GEORGE, WILLIE CLARK, MICHAEL OLIVER, CHRISTOPHER ORSBORN, AND TAWANA BERNSTINE** | **MAGISTRATE JUDGE** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff AmGUARD Insurance Company ("AmGUARD") brings this action for Declaratory Judgment against Defendants Natchitoches Parish Sheriff's Office D/B/A Natchitoches Parish Sheriff's Office & Natchitoches Detention Center, Sheriff Stuart Wright, Otis Barnum, Kathy M. Childress, Lisa George, Willie Clark, Michael Oliver, Christopher Orsborn, and Tawana Bernstine and states as follows:

**Nature of the Action**

1.

This is a civil action pursuant to 28 U.S.C. § 2201 *et seq*. and Federal Rule of Civil Procedure 57 for a declaratory judgment concerning a policy of insurance issued by AmGUARD to Natchitoches Parish Sheriff's Office d/b/a Natchitoches Parish Sheriff's Office & Natchitoches Detention Center, policy number A2GP401107 (the "Policy"). A copy of the Policy is attached and incorporated herein as **Exhibit A**.

2.

While incarcerated in the Natchitoches Parish Detention Center, Carlos Thomas allegedly received inadequate medical care resulting in his death.

3.

On November 11, 2023, the surviving spouse of Carlos Thomas, Shameka Thomas, and the surviving children of Carlos Thomas, Devin White, Carnikqua Thomas and Arniquia Harden o/b/o the minor child, Carden Harden ("Thomas Plaintiffs") filed suit against, Natchitoches Parish Law Judge: Enforcement District, Sheriff Stuart Wright, Otis Barnum, Kathy M. Childress, Lisa George, Willie Clark, Michael Oliver, Christopher Orsborn, and Tawana Bernstine alleging violations of 42 U.S.C. 1983 and 1988 and for wrongful death. A copy of the Complaint filed in *Shameka Thomas et al. v. Natchitoches Parish law Enforcement District et al.*, 1:23-cv-01614, is attached and incorporated herein as **Exhibit B**.

4.

AmGUARD brings this declaratory action seeking adjudication that the Policy does not provide coverage for any loss arising out of or relating to the Thomas Plaintiffs' claims.

**Parties**

5.

Plaintiff AmGUARD is incorporated in the State of Pennsylvania with its principal place of business in Wilkes-Barre, Pennsylvania. Accordingly, Plaintiff AmGUARD Insurance Company is a domiciliary of the State of Pennsylvania.

6.

Made Defendants are:

    a. Sheriff Stuart Wright in his official capacity as representative of Natchitoches

      Parish Sheriff's Office d/b/a Natchitoches Parish Sheriff's Office & Natchitoches Detention Center, a political subdivision of Louisiana.

b. Sheriff Stuart Wright in his individual capacity, an individual domiciled in Louisiana;

c. Otis Barnum, an individual domiciled in Louisiana;

d. Kathy M. Childress, an individual domiciled in Louisiana;

e. Lisa George, an individual domiciled in Louisiana;

f. Willie Clark, an individual domiciled in Louisiana;

g. Michael Oliver, an individual domiciled in Louisiana;

h. Christopher Orsborn, an individual domiciled in Louisiana; and

i. Tawana Bernstine, an individual domiciled in Louisiana.

**Jurisdiction and Venue**

7.

This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants.

8.

The amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

9.

In a declaratory judgment action involving the applicability of insurance coverage, the amount in controversy is properly measured by the value of the underlying claim. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002).

10.

Here, the underlying claim raises from an alleged wrongful death. *See* **Exhibit B**, Complaint.

11.

While wrongful death and survival claims do not inherently satisfy the amount in controversy requirement, courts regularly find that the amount in controversy is satisfied where wrongful death claims are made. *See, e.g.*, *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62 (5th Cir. 2010) ("[I]t is facially apparent that each plaintiff's wrongful death claim satisfies the amount in controversy requirement"); *Crews v. FAE, LLC*, No. 6:18-CV-01647 (W.D. La. Mar. 19, 2019), 2019 WL 2413509 ("[B]ecause this is a wrongful death lawsuit, this Court finds that it is facially apparent from the allegations set forth in the plaintiff's petition that the amount in controversy exceeds the statutory jurisdictional threshold of $ 75,000.").

12.

The potential liability is reasonably likely to satisfy the amount in controversy requirement.

13.

Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and § 98(c) because Plaintiff issued a policy of insurance to Defendants, who are located in this district, and because the underlying dispute giving rise to this action occurred in this district.

**Claim for Declaratory Relief**

14.

The Policy provides coverage—subject to the terms, conditions, and exclusions of the policy—for "law enforcement-related duties conducted by any Insured for on behalf of the Named Insured." **Exhibit A**, Policy at 290.

15.

The Policy contains exclusions limiting and altering the scope of coverage. Specifically, Exclusion B(5) provides:

> The Insurer shall not pay for any Loss of Defense Expenses from any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:
>
> ***
>
> (5)  the rendering of, or failure to render, any medical services; provided that any Insured who, in good faith, renders first aid or emergency medical care or assistance to any ill or injured person which results in Personal Injury or Bodily Injury covered under this Policy, will not be subject to this Exclusion B(5).

**Exhibit A**, Policy at p. 296-97.

16.

The Thomas Plaintiffs allege Defendants violated 42 U.S.C. 1983 and 1988 and are liable for the wrongful death of Carlos Thomas. Specifically, the Thomas Plaintiffs allege:

a. Carlos Thomas's hypertension was recorded when he arrived at the NPDC. **Exhibit B**, Complaint at ¶ 15.

b. Contrary to Natchitoches Parish Detention Center's ("NPDC") standing orders, Carlos Thomas received no follow-up care for his hypertension. *Id*. at ¶¶ 16, 18.

c. On November 9, 2022, Carlos Thomas reported severe chest and back pain with a reported blood pressure of 209/111. *Id*. at ¶ 20.

d. On November 10, 2022, Carlos Thomas reported continued pain and back spasms. *Id*. at ¶¶ 25-27.

e. Carlos Thomas was eventually given steroids and scheduled to follow up with Defendant Barnum. *Id*. at ¶ 30.

f. Carlos Thomas's vitals–*e.g.*, his blood pressure—were not recorded on November 10, 2022. *Id*. at ¶ 29.

g. After receiving a steroid injection, Carlos Thomas was found unresponsive, and pronounced dead later that day. *Id*. at ¶ 31, 32.

h. Carlos Thomas's untreated hypertension caused or contributed to his death.

*Id*. at ¶ 14.

17.

The Thomas Plaintiffs further allege that Defendants failed to:

a. provide reasonable and necessary medical treatment;

b. adequately train, supervise, instruct, or monitor officers and/or nurses of the NPDC on how to provide adequate medical care;

c. provide and/or enforce adequate policies to ensure inmates receive proper medical care.

*See* **Exhibit B**, Complaint.

18.

The entirety of the Thomas Plaintiffs' cause of action against Defendants arise from, either directly or indirectly, "the rendering of or failure to render" medical services.

19.

Accordingly, Exclusions B(5) applies to the loss complained of in the Complaint filed by the Thomas Plaintiffs, arising from the death of Carlos Thomas. As such, the insurance policy (A2GP401107) issued by AmGUARD Insurance Company to the Natchitoches Parish Sheriff's Office d/b/a Natchitoches Parish Sheriff's Office & Natchitoches Detention Center does not provide coverage for this loss and therefore AmGUARD Insurance Company does not have a duty to indemnify Defendants for this claim. AmGUARD Insurance Company is entitled to declaratory relief to this effect.

20.

AmGUARD Insurance Company is currently providing a defense to Defendants in *Shameka Thomas et al. v. Natchitoches Parish law Enforcement District et al.*, 1:23-cv-01614, under an express reservation of rights. Because Exclusions B(5) applies and there is no coverage for the loss associated with the death of Carlos Thomas, AmGUARD Insurance Company does

not have a duty to defend Defendants for this claim. AmGUARD Insurance Company is entitled to declaratory relief to this effect.

## Prayer for Relief

**WHEREFORE**, Plaintiff, AmGUARD Insurance Company, prays for a judgment declaring:

a. That Carlos Thomas's death, and any and all claims arising out of out it, relates to or arises out of "the rendering of or failure to render" medical services;

b. That there is no coverage for any and all claims arising out of Carlos Thomas's death under the insurance policy (A2GP401107) issued by AmGUARD Insurance Company to the Natchitoches Parish Sheriff's Office d/b/a Natchitoches Parish Sheriff's Office & Natchitoches Detention Center;

c. That AmGAURD Insurance Company has <u>no duty to defend</u> Natchitoches Parish Sheriff's Office D/B/A Natchitoches Parish Sheriff's Office & Natchitoches Detention Center, Sheriff Stuart Wright, Otis Barnum, Kathy M. Childress, Lisa George, Willie Clark, Michael Oliver, Christopher Orsborn, or Tawana Bernstine for any action relating to or arising out of the events alleged in *Shameka Grant Thomas, Devin White, Carnikqua Thomas, Arniquia Harden O/B/O Carden Harden v. Natchitoches Parish Law Enforcement District, Sheriff Stuart Wright, Otis Barnum, Kathy M. Childress, Lisa George, Willie Clark, Michael Oliver, Christopher Orsborn, and Tawana Bernstine*, Civil Action No. 1:23-cv-01614 Western District of Louisiana Alexandira Division;

d. That AmGAURD Insurance Company has <u>no duty to indemnify</u> Natchitoches Parish Sheriff's Office D/B/A Natchitoches Parish Sheriff's Office & Natchitoches Detention Center, Sheriff Stuart Wright, Otis Barnum, Kathy M. Childress, Lisa George, Willie Clark, Michael Oliver, Christopher Orsborn, or Tawana Bernstine for any action relating to or arising out of the events alleged in *Shameka Grant Thomas, Devin White, Carnikqua Thomas, Arniquia Harden O/B/O Carden Harden v. Natchitoches Parish Law Enforcement District, Sheriff Stuart Wright, Otis Barnum, Kathy M. Childress, Lisa George, Willie Clark, Michael Oliver, Christopher Orsborn, and Tawana Bernstine*, Civil Action No. 1:23-cv-01614 Western District of Louisiana Alexandira Division;

e. For costs incurred herein; and

f. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:   */s/ Franklin "Drew" Hoffmann*
     Franklin "Drew" Hoffmann (LA #35824)
     dhoffmann@fairclothlaw.com
     Scott G. Wheat Jr. (LA #40989)
     swheat@fairclothlaw.com
     105 Yorktown Drive
     Alexandria, Louisiana 71303
     Phone: (318) 619-7755
     Fax: (318) 619-7744

**ATTORNEYS FOR PLAINTIFF
AMGUARD INSURANCE COMPANY**